**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KOULA SYLLA, | No. 25-3525 |
| Petitioner, | Agency No. A073-672-614 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2026**
Portland, Oregon

Before: COLLINS and LEE, Circuit Judges, and FITZWATER,*** District Judge.

Koula Sylla ("Sylla") petitions for review of the Board of Immigration Appeals'

("BIA's") order affirming the Immigration Judge's ("IJ's") denial of his applications

for asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. "We review both the IJ's and BIA's decisions because the BIA affirmed the IJ and cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)." *Cruz v. Bondi*, 146 F.4th 730, 737 (9th Cir. 2025) (citing *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022)). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (citing *Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019)). We also "review for substantial evidence whether [Sylla] would more likely than not be tortured if returned to [Mauritania]." *Cruz*, 146 F.4th at 737 (citing *Shrestha v. Holder*, 590 F.3d 1034, 1048-49 (9th Cir. 2010)).

2. Substantial evidence supports the agency's adverse credibility determination. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) ("[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination." (alteration in original) (citation omitted)). The agency permissibly concluded that Sylla made material misrepresentations on various documents submitted to the immigration authorities. On those documents, Sylla did not disclose his December 1995 and June 1996 asylum applications that he filed under two different aliases. *Ani v. Bondi*, 155 F.4th 1118, 1121 (9th Cir. 2025) ("[W]hen an

- 2 -

asylum applicant has lied to immigration authorities, an [IJ] can find the applicant not credible, even when the falsehood is not directly related to the basis for the asylum claim."). The agency also identified a number of other inconsistent and implausible aspects of Sylla's testimony. *Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (explaining that "even minor inconsistencies may have a legitimate impact on a petitioner's credibility"); *Lalayan v. Garland*, 4 F.4th 822, 836 (9th Cir. 2021) ("[A]n IJ may consider . . . the inherent plausibility of a witness's account."). For example, Sylla's testimony about his departure from Mauritania was inconsistent with information he provided in connection with his third asylum application. Moreover, there were various discrepancies in Sylla's testimony regarding whether he understood that he was using an alias and whether he or a third-party signed the aliases on his first two applications. The agency considered Sylla's explanations for the false information he submitted and the discrepancies in his testimony. But the agency was not required to accept Sylla's explanations, and the record does not compel a contrary conclusion. *See Li*, 13 F.4th at 961 ("[T]he Board and IJ [are] not required to accept [the applicant's] explanation for [a] discrepancy" where "the record does not compel a contrary conclusion.").

Substantial evidence also supports the agency's determination that Sylla's documentary evidence did not rehabilitate his credibility. *See Garcia v. Holder*, 749

F.3d 785, 791 (9th Cir. 2014) (finding that applicant's documentary evidence was insufficient to rehabilitate his testimony). Sylla advances various arguments in his brief regarding the IJ's rehabilitation finding, none of which articulates how these documents would have rehabilitated the issues with his credibility. In the absence of credible testimony or sufficient corroborating evidence, the agency properly concluded that Sylla failed to establish eligibility for asylum or withholding of removal. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

3. Substantial evidence supports the agency's denial of protection under CAT. "An adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha*, 590 F.3d at 1048. But the record evidence independent of Sylla's testimony "does not meet the high threshold of establishing that it is more likely than not that [he] will be tortured by or with the consent or acquiescence of a public official." *See Mukulumbutu*, 977 F.3d at 927.

Accordingly, we deny Sylla's petition.

**PETITION DENIED**.